**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ———————————————— | : | |
| ADVANCED ORTHOPEDICS AND | : | Case No. 3:19-cv-5076-BRM-ZNQ |
| SPORTS MEDICINE INSTITUTE, | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | |
| v. | : | |
|  | : | **OPINION** |
| INTERNATIONAL UNION OF | : | |
| OPERATING ENGINEERS | : | |
| LOCAL 14-14B, *et al.*, | : | |
|  | : | |
| Defendants. | : | |
| ———————————————— | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Welfare Fund of the International Union of Operating Engineers Local 14-14B[1] ("Welfare Fund") Motion for a Certificate of Appealability to certify as a final judgment the portion of this Court's Opinion and Order dated November 26, 2019 (the "Opinion" and the "Order") denying the dismissal of three of the four Counts in this action. (ECF No. 35; *see also* ECF Nos. 31, 32.) Plaintiff Advanced Orthopedics and Sports Medicine Institute ("Advanced Orthopedics") opposes the Motion. (ECF No. 45.) Defendant Empire Blue Cross Blue Shield ("Empire") (collectively with Welfare Fund, "Defendants") filed a cross motion for joinder

---

[1] The Amended Complaint refers to Defendant this way. The original Complaint identified the Defendant as International Union of Operating Engineers Local 14-14B, as it appears in the caption. The submissions of the parties have referred to the Defendant as, alternatively, the Fund (the Amended Complaint), Local 14 Welfare Fund (Welfare Fund's Memorandum of Law in Support of Motion to Dismiss) (ECF No. 12), and the Fund (Empire's Memorandum of Law in Support of Motion to Dismiss) (ECF No. 14-1). The Court will refer to Defendant as the Welfare Fund.

with Welfare Fund. (ECF No. 46.)[2] Having reviewed the submissions of the parties filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' Motions for a Certificate of Appealability are **DENIED**.

I.     PROCEDURAL AND FACTUAL BACKGROUND

A.  Factual Background

The underlying facts are set forth at length in the Court's November 26, 2019 Opinion (ECF No. 31) that is the subject of this Motion for Reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

B.  Procedural History

On January 18, 2019, Advanced Orthopedics filed a Complaint in Superior Court of New Jersey, Law Division, Monmouth County. (Compl. (ECF No. 1-1).) The Complaint brought four claims against Defendants for not paying it 90% of "the reasonable and customary value for the highly skilled services provided by Plaintiff," but rather paying the less than 10% it received for the $340,552 billed to Defendants, including: 1) breach of an implied contract; 2) promissory estoppel; 3) account stated; and 4) unjust enrichment. (*Id.* ¶¶ 28-51.) On February 8, 2019, Welfare Fund removed the action to this Court, with Empire's consent. (ECF Nos. 1, 1-2.) On March 8,

---

[2] Empire labeled this on the Docket as a Cross Motion for Joinder in Motion for Certification of Interlocutory Appeal, though the memorandum supporting its Motion is titled Empire's "Joinder in Motion for Certification of Interlocutory Appeal." (*See* December 23, 2019, Docket entry, and ECF No. 46.) Empire states it seeks to incorporate Welfare Fund's factual bases and arguments in support of its own Motion for Certification of Interlocutory Appeal. The Court grants Empire's Motion to incorporate Welfare Fund's factual bases and arguments. Accordingly, the Court will refer to Welfare Fund's arguments in support of its Motion as arguments made by both Defendants in support of both Motions for Certification of Interlocutory Appeal.

2019, Advanced Orthopedics filed an Amended Complaint that was substantially similar to the original Complaint, though it changed the identification of the International Union Defendant to Welfare Fund of the International Union of Operating Engineers Local 14-14B. (Am. Compl. (ECF No. 8) ¶ 2.) On April 10, 2019, Welfare Fund and Empire filed separate Motions to Dismiss. (ECF Nos. 10, 14.)) This Court ruled pre-emption was not applicable at that time based on the facts alleged in the Amended Complaint, and then denied the Motions as to Counts One, Two and Three, but granted the Motions as to Count Four's unjust enrichment claim. (ECF No. 31.)

Defendants bring this Motion pursuant to Federal Rule of Appellate Procedure 5(a)(3). This rule of appellate procedure pertains to parties that cannot petition for an appeal unless the district court enters an Amended Order, and it provides that in such cases "the district court may amend its order, either on its own or in response to a party's motion." Defendants also cite 28 U.S.C. § 1292 as grounds for the Motion.

## II.   LEGAL STANDARD

There are two bases for Certifications of Appealability: Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292. Rule 54(b) and 28 U.S.C. § 1292(b) should be carefully distinguished in application because they serve different interests. *Ford Motor Credit Co. v. S. E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981). Therefore, the Court considers the Motion under both standards.

### A.   Federal Rule of Civil Procedure 54(b)

Generally, an order terminating fewer than all claims or all defendants "does not constitute a 'final' order" required to confer jurisdiction over the matter on a United States Court of Appeal. *Elliott v. Archdiocese of New York*, 682 F. 3d 213, 219 (3d. Cir. 2012) (citing *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 431–32, 76 S. Ct. 895, 897–98, 100 L.Ed. 1297 (1956); *Carter v.*

*City of Phila.,* 181 F. 3d 339, 343 (3d Cir. 1999). But, pursuant to Federal Rule of Civil Procedure

54, "a district court may convert an order adjudicating less than an entire action to the end that it

becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C.

§ 1291." *Id.*

> Rule 54 provides, in pertinent part:

>> When an action presents more than one claim for relief—whether as
>> a claim, counterclaim, crossclaim, or third-party claim—or when
>> multiple parties are involved, the court may direct entry of a final
>> judgment as to one or more, but fewer than all, claims or parties only
>> if the court expressly determines that there is no just reason for
>> delay. Otherwise, any order or other decision, however designated,
>> that adjudicates fewer than all the claims or the rights and liabilities
>> of fewer than all the parties does not end the action as to any of the
>> claims or parties and may be revised at any time before the entry of
>> a judgment adjudicating all the claims and all the parties' rights and
>> liabilities.

Fed. R. Civ. P. 54(b).

The Supreme Court has set out a two-step process for district courts to follow in making

determinations pursuant to Rule 54. First, a "district court must determine that it is dealing with a

'final judgment.'" *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7, 100 S. Ct. 1460, 64

L.Ed.2d 1 (1980). By final judgment, the Supreme Court means "[i]t must be a 'judgment' in the

sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that

it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims

action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S. Ct. 895, 100 L.Ed.

1297 (1956)). Upon a finding of finality, "the district court must then determine whether there is

'any just reason for delay.'" *Id.* at 8. An order that "purports to certify a judgment as final

under Rule 54(b)" but lacks this express determination about the "just reason for delay" prong

required by the Rule will deprive a court of appeal of jurisdiction "because it is not a 'final'

judgment under either Rule 54(b) or under the traditional standards of 28 U.S.C. § 1291." *Archdiocese of New York*, 682 F. 3d at 221.

In the Third Circuit, "Rule 54(b) does not require that a district court use the talismanic phrase 'there is no just reason for delay.'" *Archdiocese of New York*, 682 F. 3d at 225. Rather, a district court "may state that it has determined expressly that 'there is no just reason for delay' using those precise words, or it may paraphrase or use language 'of an indisputably similar effect,' so long as the district court's order clearly contains the "express" determination Rule 54(b) requires." *Id.* (quoting *Berckeley Inv. Group, Ltd. v. Colkitt*, 259 F. 3d 135, 141 (3d Cir. 2001).)

The Supreme Court cautions "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* Indeed, final-judgment certification under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court. *Archdiocese of New York*, 682 F.3d at 220. It is left to the sound judicial discretion of the district court to determine the "'appropriate time' when each final decision . . . in a multiple claims action is ready for appeal." *Sears, Roebuck*, 351 U.S. at 435. The guiding principal for district courts to consider is "the interest of sound judicial administration." *Id.* at 437.

The Third Circuit has held that the "classic definition of a 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Eisai Inc. v. Zurich American Ins. Co.*, No. 12-7208, 2015 WL 113372, at *4 (D.N.J. 2015) (citing *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F. 3d 470, 476 (3d Cir. 2006) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S. Ct. 1712, 135 L.Ed.2d 1 (1996)). This finality requirement "is often described as serving 'the important purpose of promoting efficient judicial

administration.'" *Weber v. McGrogan*, 939 F. 3d 232, 236 (3d. Cir. 2019) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 66 L.Ed.2d 571 (1981).

However, "the question of what constitutes a 'claim' for purposes of Rule 54(b) is nowhere precisely defined." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 999 (D.N.J. 1996) (citing *Sussex Drug Products v. Kanasco, Ltd.,* 920 F.2d 1150 (3d Cir. 1990). Indeed, one court observed that the process of drawing a line determining when a court has decided one of several claims or a single claim is "obscure," while the Third Circuit has stated, "uncertainty is the rule." *Tolson v. U.S.*, 732 F.2d 998, 1001 n.8, 235 U.S. App. D.C. 396, 399 (D.C. Cir. 1984) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2657, at 60–61 (2d ed. 1983); *see also Sussex Drug Products,* 920 F.2d at 1154).

For example, "an order dismissing a complaint without prejudice is not a final and appealable order, unless the plaintiff no longer can amend the complaint because, for example, the statute of limitations has run, or the plaintiff has elected to stand on the complaint." *Morton Intern.*, 460 F.3d at 477 (citing *Newark Branch, N.A.A.C.P. v. Town of Harrison,* 907 F. 2d 1408, 1416–17 (3d Cir. 1990) (internal citations and footnotes omitted); *see also Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co.,* 316 F. 3d 431, 438–40 (3d Cir. 2003) ("Given the strong policy against piecemeal litigation that underlies the finality requirement of § 1291, we have adhered consistently to the general rule that we lack appellate jurisdiction over partial adjudications when certain of the claims before the district court have been dismissed *without prejudice.*") (emphasis added) (citing *Erie County Retirees Ass'n v. County of Erie,* 220 F. 3d 193, 201 (3d Cir. 2000)).

The burden rests with the moving party to overcome the normal rule that "no appeal be heard until the entire ease is completed." *Wärtsilä NSD North America, Inc. v. Hill International,*

*Inc.*, No. 99–4565, 2004 WL 7339760, at *2 (D.N.J., 2004) (citing *In re National Smelting of New Jersey, Inc. Bondholders Litig.*, 695 F. Supp. 796, 797 (D.N.J. 1988)).

### B. 28 U.S.C. § 1292(b)

The interlocutory appeal statute has three requirements: that the order to be certified must "(1) involve a controlling question of law; (2) offer substantial ground for difference of opinion; and (3) have the potential to materially advance the ultimate termination of the litigation, if appealed immediately." *Royal Ins. Co. of Am. v. K.S.I. Trading Corp.*, No. 04-867, 2006 WL 1722358, at *3 (D.N.J. June 19, 2006) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753 (3d Cir. 1974) (citation omitted)). "If these three criteria are met, the court may still refuse to certify the order, as the decision whether to certify an order is 'entirely within the district court's discretion.'" *Echavarria v. Williams Sonoma, Inc.*, No. 15-6441, 2016 WL 3566986, at *2 (D.N.J. June 30, 2016) (citing *Royal Ins. Co.*, No. 04-867, 2006 WL 1722358, at *3 (citing *Katz*, 496 F.2d at 753)).

### III.   DECISION

Defendants argue the Motions should be granted to allow an immediate appeal of this Court's November 2019 Order because there is a "controlling question of law" that, if recognized by the Third Circuit, would "materially advance the ultimate termination of the litigation." (Welfare Fund's Br. in Supp. of Mot. (ECF No. 36) at 3.) Specifically, Defendants contend, as they did in their Motion to Dismiss, that Plaintiff's Amended Complaint is pre-empted because it "relates to" a claim under Employee Retirement Income Security Act of 1974, or ERISA. The "controlling question of law" centers on whether "the Amended Complaint *had* to refer to the Plan administered by [Defendants] in order for express preemption under Section 514(a) of ERISA to exist." (ECF No. 36 at 3.) (emphasis added)

Advanced Orthopedics counters that a controlling question of law "is one that if it were decided erroneously would result in reversal," not, as here, a party's "mere disagreement with a court's conclusion." (Pl.'s Br. in Op. to Mot. (ECF No. 45) at 4 (quoting *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 U.S. Dist. LEXIS 5455, at *23 (D.N.J. Jan. 25, 2007)).

In lawsuits involving multiple claims or parties, the general principal is that no appeal will be heard until entire case has been completed, and that courts should not routinely grant final judgment as to one or more but fewer than all claims or parties. *MCT Shipping Corp. v. Sabet*, 497 F. Supp. 1078, 1083 (S.D.N.Y. 1980) (citing 10 Wright & Miller, Federal Practice and Procedure § 2659 (1973).) Indeed, the Supreme Court has instructed that certification of a case for immediate appeal "should be reserved for the infrequent harsh case." *Curtiss-Wright*, 100 S. Ct. 1460, 1463, 446 U.S. 1, 5 (1980). While district courts have the "sound judicial discretion" to determine the "appropriate time when each final decision in a multiclaims action is ready for appeal," *id.* at 1465, the Third Circuit instructs district courts to be "conservative" in invoking Rule 54(b) "because if an aggrieved party appeals following the certification, the district court effectively will be electing to control the docket of a court of appeals." *Gerardi v. Pelullo*, 16 F. 3d 1363, 1372 (3d Cir. 1994). The Third Circuit in particular counsels against Rule 54 certification where "the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s]." *Id.*

In considering Defendants' Motions, the Court first must review the basis of its Opinion, and then consider the elements required for a successful Motion for a Certificate of Appealability pursuant first to Rule 54 and then to § 1292.

The Court concluded the Amended Complaint was not pre-empted by ERISA because on its face it did not even tangentially refer to a Plan, meaning the Welfare Fund's self-insured plan

providing medical and other benefits to participants of the Plan. Instead, the Court determined, the essence of Advanced Orthopedics' claim is that Advanced Orthopedics provided a service based on a promise by Defendants to pay either "90% of usual and customary charges" (*see* ECF No. 1-1 ¶¶ 17, 45) or "90% of the reasonable and customary value." (*See* ECF No. 8 ¶¶ 29, 35.) Neither the Complaint nor the Amended Complaint ever use the word "plan," refer to a "plan," or even use the word "reimbursement." Also, the phrase "90% of usual and customary charges" is a quote from "Angela," a Welfare Fund employee. That quote was not "90% of *our* usual and customary charges," or "90% of *our* usual and customary reimbursement rate." The Court found there is nothing in Angela's language as quoted by Advanced Orthopedics in the Complaint and Amended Complaint that refers to the Plan. In short, Advanced Orthopedics alleges a contract was formed outside the parameters of the Plan. The Court held that, as a result, the Amended Complaint was not on its face pre-empted by ERISA. Upon then reviewing the individual counts, the Court dismissed Count Four's unjust enrichment claim, leaving Counts One, Two, and Three.

The Court now considers Defendants' Motions pursuant to Rule 54.

### A.  Rule 54

Generally, a Motion for a Certificate of Appealability is brought pursuant to Federal Rule of Civil Procedure 54, which requires the order for which review is sought to be "final in the sense that it disposes of one or more but fewer than all claims against a party or, in a multiple party situation, a claim against one or more but fewer than all parties." *Ford Motor Credit*, 664 F.2d at 380 (citing 9 Moore's Federal Practice s 110.09 (2d ed. 1980)). Rule 54 "permits the district judge to direct entry of judgment if there is no just reason for delay, thus making the decision appealable. No controlling legal principle need be at issue nor need the court of appeals grant permission." *Id*.

It is clear the November 2019 Order can be construed as a final judgment as contemplated by Rule 54 because it dismissed at least one claim against Defendants. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006). Whether it is a final judgment is immaterial because Defendants' Motions are inappropriate under Rule 54 as they fail to satisfy the second prong, which requires an inquiry into whether there exists "no just reason for delay[ing]" Defendants' opportunity to appeal the November 2019 Order. The considerations this Court is obligated to observe for this second prong include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F. 2d 360, 364 (3d Cir. 1975) (abrogated on other grounds by *Curtiss-Wright*, 446 U.S. at 9)). "Courts have placed particular emphasis on the first factor." *Nafar v. Hollywood Tanning Sys., Inc.*, No. 06-3826, 2011 WL 830286, at *2 (D.N.J. Mar. 2, 2011) (citing *Amboy Bancorporation v. Jenkens & Gilchrist,* No. 02–5410, 2009 WL 4117355, *2 (D.N.J. Nov.18, 2009)).

In this litigation, there exists a direct relationship between the remaining three unadjudicated claims and the adjudicated, dismissed claim, as they all rely largely on the same set of facts. *See, e.g., Amboy Bancorporation,* No. 02–5410, 2009 WL 4117355, *2 ("[W]hen pending claims share supporting facts with those claims for which a party seeks certification, certification for review is inappropriate because it may potentially result in the inefficient use of the reviewing courts' resources.").

Relatedly, Defendants' Motions also fail to satisfy the second consideration, as any need for review might or might not be mooted by future developments in the district court. As this Court stated in the November 2019 Opinion, whether the contract claimed by Plaintiffs was created by a statement from Angela that actually did refer to the Plan is a proposition to be tested by litigation. If Defendants successfully evidence a link to the Plan in this promise to pay, pre-emption could result, meaning appellate review could be mooted by future developments in this litigation. Therefore, it is clear Defendants cannot satisfy the second prong of the *Curtis-Wright* test regarding unjust delay. Accordingly, granting Defendants' Motions pursuant to Rule 54 is inappropriate.

The Court now examines the Motions through application of 28 U.S.C. § 1292.

### B.  § 1292(b)

The interlocutory appeal statute states, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b)

As stated by the Third Circuit, § 1292

> is designed to allow for early appeal of a legal ruling when resolution of the issue may provide more efficient disposition of the litigation. The order need not be a final one nor need it decide all of the issues with respect to one party or one or more claims.

*Ford Motor Credit*, 664 F.2d at 380.

Defendants contend there is a controlling question of law at issue because "the controlling standard for establishing preemption is not whether the pleading refers to the Plan, but instead

11

whether the pleaded state law cause of action has 'a connection with or reference to such a plan.'" (ECF No. 36 at 4 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)).

For purposes of § 1292(b), a controlling question of law "is 'every order which, if erroneous, would be reversible error on final appeal.'" *Meyers v. Heffernan*, No. 12-2434, 2014 WL 7336792, at *4 (D.N.J. Dec. 22, 2014) (quoting *Katz,* 496 F.2d at 755; *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,* 161 F. Supp. 2d 355, 358 (D.N.J. 2001)). "Controlling" means "serious to the conduct of the litigation, either practically or legally." *Meyers*, No. 12-2434, 2014 WL 7336792, at *4 (quoting *Katz,* 496 F.2d at 755).

Advanced Orthopedics counters that Defendants really are arguing the Amended Complaint should have been dismissed because the state-law claims were "completely preempted," something Defendants did not argue in their Motion to Dismiss. (ECF No. 45 at 6.) Advanced Orthopedics further argues Defendants' Motions "fail[] to satisfy the standard" for the second prong's showing a "substantial ground for difference of opinion." (*Id.* at 7.)

The Court agrees. For the second § 1292(b) factor, the substantial ground for difference of opinion "must arise out of genuine doubt as to the correct legal standard." *Meyers*, No. 12-2434, 2014 WL 7336792, at *4 (quoting *P. Schoenfeld Asset Mgmt.,* 161 F. Supp. 2d at 360; *Kapossy,* 942 F. Supp. at 1001). "Such doubt can stem from conflicting precedent, the absence of controlling law on a particular issue[], or novel and complex issues of statutory interpretation." *Meyers*, No. 12-2434, 2014 WL 7336792, at *4 (quoting *Litgo N.J., Inc. v. Martin,* No. 06–2891, 2011 WL 1134676, at *3 (D.N.J. Mar. 25, 2011)). Mere disagreement with a district court's ruling "is not a substantial ground for difference of opinion for Section 1292(b) purposes." *Meyers*, No. 12-2434, 2014 WL 7336792, at *4 (citing *Kapossy,* 942 F. Supp. at

12

1001; *Hulmes v. Honda Motor Co., Ltd.,* 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd,* 141 F.3d 1154 (3d Cir. 1998).

The Court's November 2019 Opinion did not state the Amended Complaint was not pre-empted as a matter of law. Rather, the Opinion stated only that a Motion to Dismiss is designed to test the sufficiency of the Amended Complaint, and pre-emption was not implicated by the plain language of the Amended Complaint. As stated in the Opinion, whether the source of the alleged payment formula, Angela of the Welfare Fund, was referencing the Plan in stating "90% of usual and customary charges"—and thus a finding of pre-emption pursuant to *Shaw* may be appropriate—is "a fact to be tested during the course of litigation." In other words, Defendants have not shown a "substantial ground for difference of opinion," as the Court did not disagree with the proposition that pre-emption as contemplated by *Shaw* may be evidenced through discovery.

Moreover, what Defendants essentially seek is a finding that as a matter of law it is impossible for Advanced Orthopedics to plead a set of facts in which Welfare Fund negotiates a contract for the performance of services outside the parameters of the Plan. The Court is not inclined, without more, to read such meaning into the Amended Complaint.

Finally, Defendants maintain certification and an appeal to the Third Circuit will "sav[e] the district court's time and the litigants' expenses." (ECF No. 36 at 4 (citing *Meyers*, No. 12-2434, 2014 WL 7336792, at *4 (quoting *Katz*, 496 F.2d at 755))). Yet, Defendants have avenues to pursue in this litigation, such as a motion for summary judgment, that, assuming their pre-emption arguments have merit, would result in similar expenses to the litigants as would an appeal.

District Courts are cautioned that § 1292(b) "certification should be used 'only in exceptional cases' since it is 'a deviation from the *ordinary policy* of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation.'" *Meyers*, No. 12-2434, 2014

WL 7336792, at *3 (citing *Kapossy,* 942 F. Supp. at 1001 (quotation omitted) (emphasis added) (citing *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265, 102 S. Ct. 3081, 73 L.Ed.2d 754 (1982))). Whether to grant certification is entirely within the discretion of district courts, even if all three § 1292 criteria have been met. Here, the Court is not persuaded a "controlling issue of law" is at issue, nor that there exists "substantial ground for difference of opinion," as required by *Katz*. This means two of the three § 1292 criteria have not been satisfied. Accordingly, Defendants' Motions for a Certificate of Appealability are **DENIED**.

## IV.   CONCLUSION

For the reasons set forth above, Empire's Motion to incorporate Welfare Fund's factual bases and arguments (ECF No. 46) is **GRANTED**, while Defendants' Motions for a Certification of Appealability (ECF No. 35, 46) are **DENIED.** An appropriate Order will follow.

Date: July 29, 2020                       */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**